E-FILED
Monday, 16 December, 2024  03:56:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ANTHONY REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:24-cv-02230-MMM |
| | ) | |
| RONALD L. DAVIS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff asserts claims for inadequate conditions of confinement at the Jerome Combs Detention Center (JCDC).

The case is before the Court for merit review under 28 U.S.C. § 1915A. The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff names as Defendants Director of the United States Marshals Service Ronald L. Davis, Sheriff Michael Downey, Correctional Lieutenant Perkins, Chief of Corrections Chad Kolitwenzew, and Correctional Corporal Memenga.

Plaintiff raises several allegations regarding the conditions of his confinement in Kankakee County facilities. Plaintiff is a federal detainee on criminal charges in the Northern District of Illinois. He is under the custody of the United States Marshals Service who is holding him in Kankakee County facilities.

Plaintiff alleges he is detained in a facility without windows, resulting in difficulty orienting himself to natural environmental stimuli. He alleges he is not allowed outdoors. Plaintiff is confined in a unit with one-way mirrors that prevents him from seeing outside his tier. He alleges that air is recirculated throughout the facility. He alleges he is held in a cell 20 hours a day and allowed out of his cell 4 hours a day to shower and attend dayroom and the gym. Dayroom is a small area with four tables, showers in wall recesses, three telephones, and a wall mounted television. The gym has a basketball rim. It does not have windows or fresh air. Plaintiff alleges that he experiences headaches because there is constant light in the JCDC. The lights are not turned off at night and detainees are disciplined for covering their lights. Plaintiff complains that every aspect of his daily living is monitored by cameras and correctional officers. If he leaves his living unit to attend sick call or attorney visits he is handcuffed with a waist belt. Plaintiff is not allowed contact visits. He must pay for video visits. Phone calls cost more than $5.00 for 15 minutes.

Plaintiff alleges he is not allowed to practice his faith or seek the counsel of a pastor, reverend, or minister, and alleges that the JCDC does not allow Christian fellowship.

Plaintiff alleges his meals are prepared in an "unsanitary" environment infested

2

with mice and insects. He alleges the meal trays have soap residue on them that gets into the food. He alleges the meals are cold and portions are "extremely meager and not nutritious in size or content." He is not served fruit. Breakfast is a three-ounce bowl of dry cereal and an eight-ounce carton of milk. Breakfast is never served hot.

Plaintiff was provided one pair of socks, one tee shirt, one pair of underwear, and one khaki uniform with a pair of shower shoes. Plaintiff must choose between purchasing additional underwear, or going without underwear while his other set is being laundered. He was placed in general population with a county jail ID number.

Plaintiff alleges he was placed on a unit that was plagued with plumbing issues including sinks that did not have hot or cold running water, showers that did not work, and foul odors of human waste.

Plaintiff alleges the JCDC is infested with crickets, spiders, centipedes, mice, and ants that get into Plaintiff's cell and commissary items which then must be discarded.

Plaintiff alleges the showers "often have black mold" on the ceiling and walls.

Plaintiff is suffering from anxiety, stress, and depression that create psychological and emotional pressure, as he deals with his serious legal issues. He experiences episodes of hopelessness and despair dealing with family and legal issues.

Plaintiff provides allegations about how the conditions of confinement at the Metropolitan Correctional Center in Chicago are much better than the conditions in Kankakee County.

Plaintiff alleges Director Davis caused Plaintiff to be moved from the MCC to the JCDC, knowing that Plaintiff's conditions of confinement at JCDC were as alleged

above.

Plaintiff alleges Sheriff Downey was put on notice of the above alleged conditions by Plaintiff filing grievances and exhausting his administrative appeals.

Plaintiff alleges Kolitwenzew is responsible for daily operations and was likewise put on knowledge of these conditions by Plaintiff's grievances.

Plaintiff alleges that the other Defendants were aware of Plaintiff's above allegations and did not take any reasonable action to remedy these issues. He alleges he suffers from mental agony and distress due to these conditions.

II. ANALYSIS

The Fourteenth Amendment requires States to provide detainees with objectively reasonable basic human needs. Plaintiff's allegations that meals are prepared in an "unsanitary" environment, that meal portions are "extremely meager and not nutritious in size or content," that the cell he was held in is plagued with plumbing issues including sinks that did not have hot or cold running water, showers that did not work, and foul odors of human waste, that the JCDC is infested with crickets, spiders, centipedes, mice, and that the showers "often have black mold" on the ceiling and walls, are sufficient, at this pleadings stage, to state a claim. *See Kinglsey v. Hendrickson*, 576 U.S. 389, 396–97 (2015); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019); *Reed v. Bowen*, 769 F. App'x 365, 369–70 (7th Cir. 2019); *Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015).

Plaintiff's other complaints regarding the conditions of his confinement are insufficient to state a claim. He is in jail on, as he acknowledges, serious federal

criminal charges. He will be constantly monitored, and uncomfortable security measures will be taken for the security of Plaintiff and other detainees. He is not entitled to additional changes of clothes, time outdoors, contact visits, or other amenities he prefers. Further, Plaintiff's comparisons to the facilities at the Metropolitan Correctional Center do not bear on the constitutionality of the conditions at the JCDC.

The First Amendment protects detainees' rights to practice their religion. Plaintiff alleges this right is being denied and thus he states a First Amendment claim, and a claim under the Religious Land Use and Institutionalized Persons Act. *Maddox v. Love*, 655 F.3d 709, 719 (7th Cir. 2011) *Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008).

Plaintiff's allegations are based on official policies and procedures, so the Sheriff and Mr. Kolitwenzew remain appropriate Defendants. *See DeGenova v. Sheriff of DuPage Cty.*, 209 F.3d 973, 976 n.2 (7th Cir. 2000) (citing Ill. Const. Art. VII, sec. 4(c)); *see also Askew v. Sheriff of Cook Cty.*, 568 F.3d 632, 636 (7th Cir. 2009); *Thomas*, 604 F.3d at 303. However, a county is also a necessary party to a suit under federal law because the Sheriff's Office is funded by the county and thus the county is a necessary party to satisfy any judgment. *Olson v. Champaign County*, 784 F.3d 1093, 1104 (7th Cir. 2015). Clerk is therefore directed to add as a Defendant Kankakee County Illinois as well.

Plaintiff alleges that Lieutenant Perkins, Sergeant Denault, and Corporal Memenga were aware of each of the conditions he complains of yet failed to take reasonable steps to address these matters. Though these Defendants' personal involvement, or their ability to effect changes to policies, may well entitle them to

summary judgment, at the pleadings stage Plaintiff has alleged claims against these individual Defendants as well.

Plaintiff cannot proceed in his claims against United States Marshals Service Director Ronald L. Davis. First, United States Marshals Service employees do not act under color of state law, so a suit under §1983 cannot proceed. And though a suit alleging violation of constitutional rights by a person acting under color of federal law may proceed pursuant to *Bivins v. Six Unknown Named Agents*, 403 U.S. 388 (1971), personal involvement is still required, and there is no plausible inference that Director Davis was personally involved with the operation of the JCDC. *See Rojas v. U.S. Marshal Serv.*, 2007 WL 4287573, at *5 (N.D. Ind. Dec. 5, 2007). Further, Davis is immune from suit under the Federal Tort Claims Act. *Lipsey v. United States*, 879 F.3d 249, 254 (7th Cir. 2018) (holding that the supervisory deputy marshal's "actions in deciding to place [detainee] at JCDC and in retaining her there fell within the discretionary function exception to the waiver of sovereign immunity in the FTCA" because (1) the "determination as to where to house a federal prisoner is precisely the sort of discretionary act that falls within the discretionary function exception"; and (2) "[i]nherent in such placement and transfer decisions are considerations of public policy such as concerns with security, cost, overcrowding, medical care, and the suitability of each facility to meet the needs of the prisoner").

**IT IS THEREFORE ORDERED THAT:**

(1)     **Plaintiff's Motion for Status [12] is MOOT.**

(2)     **Clerk to add Kankakee County as a Defendant.**

(3)     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states a Fourteenth Amendment claim for constitutionally inadequate conditions of confinement against Kankakee County, Sheriff Downey, Chief Kolitwenzew, Lieutenant Perkins, Sergeant Denault, and Corporal Memenga. Plaintiff further states a First Amendment and RLUIPA claim against Downey and Kolitwenzew. Additional claims and Defendants shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

(4)     This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

(5)     The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

(6)     With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

(7)     The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

(8)    This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, discovery requests and responses are NOT filed with the clerk. Plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

(9)    Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.

(10)    The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.

(11)    The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 16th day of December, 2024.

s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE